WILKES L. HARWELL and MARY M. HARWELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harwell v. Commissioner
Docket No. 4626-73.
United States Tax Court
T.C. Memo 1974-153; 1974 Tax Ct. Memo LEXIS 166; 33 T.C.M. (CCH) 669; T.C.M. (RIA) 74153; June 13, 1974, Filed. *166 Petitioner's stock in a subchapter S corporation which became worthless in 1969 did not qualify as section 1244 stock and petitioner's loss is not deductible as an ordinary loss. The stock was not issued to petitioner by the corporation; he purchased it from another stockholder. And the stock was not issued under a qualifying plan adopted by the corporation. Wilkes L. Harwell, pro se. Kenneth B. Wheeler, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined deficiencies in petitioners' income tax for the years 1966 and 1967 in the amounts of $2,446.18 and $1,139.45, respectively. The deficiencies resulted from disallowance of an ordinary loss claimed by petitioners on their 1969 income tax return which was carried back to 1966 and 1967. The loss in controversy denied on petitioners' 1969 return was a loss in the amount of $23,750.27 on section 1244 stock. Respondent determined that the stock on which the loss was claimed did not quality *169 as section 1244 stock and that petitioners were entitled to a capital loss but not an ordinary loss as claimed on the return. Respondent allowed petitioners a capital loss in the amount of $1,000 for 1969 and a carryover of $22,750.27 as a long-term capital loss to 1970, but determined that petitioners were not entitled to any loss carryback to the years 1966 and 1967. Since petitioners had been allowed tentative loss carrybacks to 1966 and 1967, and had received refunds of taxes paid for those years, this resulted in the deficiencies determined for 1966 and 1967. Petitioners incurred a loss for the year 1969 without the section 1244 stock loss, so no deficiency was determined for 1969. The only issue for decision is whether the loss of $23,750.27 suffered by petitioners when their stock in Highland Rim Volkswagen became worthless in 1969 was a loss on stock that qualified as section 1244 stock. FINDINGS OF FACT Some of the facts are stipulated and are so found. Petitioners, Wilkes L. Harwell and Mary M. Harwell, are husband and wife. At the time the petition was filed they resided in Tampa, Fla. They filed their joint Federal income tax returns for their taxable years *170 1966, 1967, and 1969, with the office of the director, Southeast Internal Revenue Service Center, Chamblee, Ga. Wilkes L. Harwell will hereinafter be referred to as petitioner. On July 1, 1968, petitioner purchased 44 shares of stock in Highland Rim Volkswagen, Inc. (hereinafter Highland), from one Ed Henson for $27,000. These shares represented a 55-percent interest in Highland. The remaining 45-percent interest in the corporation was purchased by Henry L. King. Highland was incorporated in Tennessee in November 1963. The corporation was engaged in the retail sale of automobiles. On January 20, 1966, Highland elected to become a subchapter S corporation for tax purposes. Following their purchase of the corporate stock in 1968, both petitioner and King filed their consents to a continuation of subchapter S status for Highland. As a result, Highland continued as a subchapter S corporation for tax purposes. Petitioner, from July 1, 1968, until August 1, 1969, operated Highland as its president and general manager. In 1969, the corporation was losing money and proved to be highly unsuccessful. On August 1, 1969, petitioner turned all of his stock back to the corporation *171 and severed his relationship with Highland. Petitioner received nothing for his 44 shares which he returned to Highland. On his Federal income tax return for the year 1969, petitioner claimed his distributable share of subchapter S corporation losses for 1969 attributable to his interest in Highland up to the time he relinquished his shares to the corporation. Petitioner's share of the subchapter S losses was $6,591.96, and respondent has agreed that this amount can be claimed by petitioner in 1969. On his 1969 income tax return, petitioner also claimed as an ordinary loss on section 1244 stock the amount of $23,750.27, which represented most of his investment in the stock of Highland. [1]
In his notice of deficiency respondent determined that the Highland stock did not qualify as section 1244 stock and disallowed the ordinary loss claimed on the 1969 return. As a result, respondent also disallowed the loss carrybacks to the years 1966 and 1967 which gave rise to the deficiencies *172 involved herein. OPINION The only issue is whether petitioner's stock in Highland, which became worthless in 1969, qualified as section 1244 stock. If it did, petitioners are entitled to deduct the loss carrybacks in 1966 and 1967, and our decision will be for petitioners. If it did not, our decision will have to be for respondent. Section 1244(a), I.R.C. 1954, [2] provides, generally, that in the case of an individual a loss on section 1244 stock issued to such individual which would (but for this section) be treated as a loss from the sale or exchange of a capital asset shall be treated as a loss from the sale or exchange of a capital asset which is not a capital asset. Section 1.1244(a)-1(b), Income Tax Regs., provides that a loss on section 1244 stock is permitted only to an individual to whom such stock was issued by a small business corporation and that an individual who acquires stock from a shareholder by purchase or otherwise is not entitled to an ordinary loss under section 1244 with respect to such stock. *173 Section 1244(c) (1) defines section 1244 stock as common stock of a domestic corporation if such corporation adopted a plan after June 30, 1958, to offer such stock for a period, not exceeding 2 years, specified in the plan, at the time such plan was adopted the corporation was a small business corporation (which is defined in paragraph (c) (2)), and if certain other requirements specified therein were met. Section 1.1244(c)-(1) (c), Income Tax Regs., requires that to qualify the stock must be issued pursuant to a written plan adopted by the corporation. In Wesley H. Morgan, 46 T.C. 878, 889 (1966), we said: section 1244 being designed to provide a tax benefit to a rather limited group of taxpayers as it is, we feel that qualification for those benefits requires strict compliance with the requirements of the law and the regulations promulgated pursuant to the specific instructions therefor included in section 1244(e). In order to prevail in this case petitioners have the burden of proving that the Highland stock qualified as section 1244 stock under the law and the regulations. This they failed to do. It is clear from the stipulated facts that the Highland *174 stock was not issued to petitioner by the corporation; he purchased it from Henson. Thus, the stock does not meet the requirements of section 1244(a) as explained in section 1.1244(a)-(1) (b), Income Tax Regs. Furthermore, petitioners offered no evidence to prove that the Highland stock was issued pursuant to a plan, written or otherwise, as required by section 1244(c) (1) and section 1244(c)-(1) (c), Income Tax Regs. We must, therefore, conclude that petitioners have failed to prove that respondent erred in determining that the loss here involved was not a loss on stock that qualified as section 1244 stock, so our decision must be for respondent. We believe petitioner mistakenly thought that because Highland qualified as a subchapter S corporation, its stock also qualified as section 1244 stock. Subchapter S of Chapter I of the 1954 Code contains sections 1371 through 1379 which provide generally that if a "small business corporation," as defined therein, meets the requirements of those sections and makes an election, consented to by its stockholders, not to be taxed as a corporation, it will not be subject to tax, but its shareholders will be taxed on the income of the corporation, *175 whether distributed or not. The basic purpose of subchapter S is to permit qualified electing small business corporations to avoid the double tax usually imposed on corporations and their shareholders on distributed earnings, without giving up their status as corporations. Section 1244, on the other hand, is contained in Part IV of subchapter P of the 1954 Code, which provides special rules for determining capital gains and losses on certain transactions covered thereby. Section 1244 permits the shareholders of qualified small business corporations to treat as ordinary losses rather than capital losses the losses they suffer on stock of such corporations issued to them under a plan adopted according to the rules specified therein. While both subchapter S and section 1244 refer to "small business corporations" they are entirely independent of each other, have different objectives, and have different requirements for qualification. So the mere fact that petitioner's corporation, Highland, may have qualified as a subchapter S corporation does not mean that its stock in the hands of petitioner qualified as section 1244 stock, which would entitle petitioner to report his loss on the *176 stock as ordinary loss. Petitioners also contend that when their 1966 and 1967 taxes were refunded to them as a result of their claim for tentative carryback adjustments, they were misled into thinking that their claims for refund were approved, and that they should not be required to repay those taxes in a lump sum at this time, when they are financially unable to do so. They suggest that it would be more equitable, and probably of little or no tax disadvantage to the Government, if they were simply denied the right to deduct the capital loss carryovers in the 5 years following 1969. We can sympathize with petitioners in their dilemma, but such is not the law. Decision will be entered for the respondent. Footnotes
1. We cannot determine from the copy of petitioner's 1969 return that was filed in evidence the details of how this loss was claimed, but, in view of our conclusion herein, this is unimportant. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. SEC. 1244. LOSSES ON SMALL BUSINESS STOCK. (a) General Rule. - In the case of an individual, a loss on section 1244 stock issued to such individual or to a partnership which would (but for this section) be treated as a loss from the sale or exchange of a capital asset shall, to the extent provided in this section, be treated as a loss from the sale or exchange of an asset which is not a capital asset. * * * (c) Section 1244 Stock Defined. - (1) In General. - For purposes of this section, the term "section 1244 stock" means common stock in a domestic corporation if - (A) such corporation adopted a plan after June 30, 1958, to offer such stock for a period (ending not later than two years after the date such plan was adopted) specified in the plan, (B) at the time such plan was adopted, such corporation was a small business corporation, (C) at the time such plan was adopted, no portion of a prior offering was outstanding, (D) such stock was issued by such corporation, pursuant to such plan, for money or other property (other than stock and securities) * * *. * * * (e) Regulations. - The Secretary or his delegate shall prescribe such regulations as may be necessary to carry out the purpose of this section. ↩